United States District Court
Western District of Texas
Midland/Odessa Division

| | |
|---|---|
| State of Texas and Mayo Pharmacy, Inc., a North Dakota Corporation,<br>    *Plaintiffs*,<br><br>v<br><br>Xavier Becerra, in his official capacity as Secretary of Health and Human Services; United States Department of Health and Human Services; United States Department of Health and Human Services Office for Civil Rights,<br>    *Defendants*. | No. 7:23-cv-22-DC |

**Plaintiff Mayo Pharmacy's Notice of Supplemental Authority**

Plaintiff Mayo Pharmacy, Inc., respectfully submits this notice of supplemental authority. On June 30, 2023, the Supreme Court decided *303 Creative LLC v. Elenis*, No. 21-476, slip op. (U.S.). In *303 Creative*, the court ruled in favor of a business that the lower court held had standing to bring a pre-enforcement challenge to a nondiscrimination law that burdens First Amendment rights. *Id.* at 3. The plaintiff had established a credible threat of enforcement because the law itself broadly prohibited discrimination and governed the business, the law had financial penalties attached, the law authorized enforcement by a governmental civil rights office, and the office had engaged in enforcement of that law, albeit in cases involving different facts. *Id.* at 3–4. In addition, being "forced to choose between" refraining from the exercise of one's First Amendment

rights and "incurring sanctions" from a nondiscrimination law is a cognizable injury. *Id.* at 12. This ruling supports standing for Plaintiffs to sue prior to being the target of HHS's case-by-case enforcement, and further supports jurisdiction for Mayo Pharmacy's RFRA claim which Congress affected with First Amendment interests, see 42 U.S.C. § 2000bb.

If this Court is concerned about exercising jurisdiction over the RFRA claim, it would have the option of holding the RFRA claim in abeyance until after it resolves the APA claims. If the Court ultimately awards Mayo Pharmacy relief from the Pharmacy Mandate under the APA, it need never exercise jurisdiction over the RFRA claim. And if the Court rules against Mayo Pharmacy's APA claims, it would have the option at that time of ruling on, transferring, or non-prejudicially dismissing the RFRA claim.

Dated June 30, 2023.          Respectfully submitted.

**Matthew S. Bowman** (pro hac vice)
DC Bar No. 993261
mbowman@ADFlegal.org

/s/ *Andrea R. Dill*
**Andrea R. Dill**
TX Bar No. 24116086
adill@ADFlegal.org

Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622

**COUNSEL FOR MAYO PHARMACY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record on June 30, 2023, via the court's electronic filing system.

*/s/ Andrea R. Dill*
**ANDREA R. DILL**