**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, AND MAYO PHARMACY INC., A NORTH DAKOTA CORPORATION., | ) ) ) ) | No. 7:23-cv-00022-DC |
| *Plaintiffs*; | ) ) | |
| v. | ) ) | |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE FOR CIVIL RIGHTS, | ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

## Defendants' Answer to Plaintiffs' Amended Complaint

Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human Services, the United States Department of Health and Human Services ("HHS"), and the United States Department of Health and Human Services Office for Civil Rights ("OCR," and collectively "defendants") hereby answer Plaintiffs' Amended Complaint as follows[1]:

The first introductory paragraph does not set forth factual allegations, and thus no response is required. To the extent a response is deemed necessary, defendants deny the allegations of this paragraph, except to admit that (a) OCR issued a guidance document, which is appended to the Amended Complaint as Exhibit 2, and (b) HHS issued a press release, which is appended to the Amended Complaint as Exhibit 1.

---

[1] Defendants do not incorporate herein the subheadings from the Amended Complaint, to which a response is not required. To the extent any headings or subheadings could be construed to contain factual allegations, those allegations are denied.

The second introductory paragraph sets forth plaintiffs' legal conclusions, not factual allegations, and thus no response is required.  To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

The third introductory paragraph sets forth plaintiffs' legal conclusions and what plaintiffs believe the outcome of their case should be, not factual allegations, and thus no response is required. To the extent a response is deemed necessary, defendants deny the allegations contained in this paragraph, and further state that plaintiffs are not entitled to the requested relief or any other relief from defendants.

## I.  Parties

1.      Defendants admit that Texas is one of the plaintiffs in this action, and that Texas is a State of the United States.  The remainder of this paragraph states a legal conclusion to which no response is required.

2.      Defendants admit that Mayo Pharmacy, Inc. is one of the plaintiffs in this action, but otherwise lack sufficient knowledge or information to form a belief as to the allegations in paragraph

3.      Admitted.

4.      Admitted.

5.      Admitted.

## II.  Jurisdiction & Venue

6.      Paragraph 6 contains plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the statutes cited in this paragraph speak for themselves, and respectfully refer the Court to those statutes for a complete and accurate statement of their contents.

7.      Paragraph 7 contains plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the statutes cited in

this paragraph speak for themselves, and respectfully refer the Court to those statutes for a complete and accurate statement of their contents.

8.      Paragraph 8 contains plaintiffs' conclusions of law, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the statute cited in this paragraph speaks for itself, and respectfully refer the Court to that statute for a complete and accurate statement of its contents.

9      Paragraph 9 contains plaintiffs' conclusion of law regarding venue, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the statute cited in this paragraph speaks for itself, and respectfully refer the Court to that statute for a complete and accurate statement of its contents.  Defendants further aver that the Court determined that venue is not proper in this district for plaintiff Mayo Pharmacy's Religious Freedom Restoration Act ("RFRA") claim, and transferred that claim to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25.

### III.  Background

10.      Defendants admit that the Supreme Court issued its decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2242 (2022) on June 24, 2022.  The remainder of this paragraph characterizes the *Dobbs* decision, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the case cited in this paragraph speaks for itself, and respectfully refer the Court to that decision for a complete and accurate statement of its contents.

11.      Defendants admit that President Biden gave public remarks at the White House on June 24, 2022, and that his remarks included the language quoted in this paragraph.  Defendants otherwise deny the allegations in this paragraph, which includes plaintiffs' legal conclusions to which no response is required.

12.     Defendants admit that Attorney General Garland issued a statement on June 24, 2022, which is contained at the web link provided in footnote 2.  Defendants otherwise deny the allegations in paragraph 12, which includes plaintiffs' legal conclusions to which no response is required.  To the extent a response is deemed necessary, defendants aver that the cited statement and case speak for themselves, and respectfully refer the Court to the statement and case for a complete and accurate statement of their contents.

13.     Defendants admit that Secretary Becerra participated in a panel hosted by the Aspen Institute on June 25, 2022, and that a video of that discussion is contained at the web link provided in footnote 3, but deny plaintiffs' characterizations of that discussion.  Defendants respectfully refer the Court to the video for a complete and accurate account of its contents.

14.     Defendants admit that President Biden issued Executive Order 14,076, on July 8, 2022. The remainder of paragraph 14 consists of plaintiffs' legal conclusions regarding that Executive Order, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the Executive Order cited in this paragraph speaks for itself, and respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents.

15.     Paragraph 15 states a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

16.     With respect to the first sentence of paragraph 16, defendants admit that on July 11, 2022, the Centers for Medicare & Medicaid Services, a component of HHS, issued guidance concerning the Emergency Medical Treatment and Labor Act ("EMTALA"), but deny plaintiffs' characterization of that document.  Defendants aver that the document appended as Exhibit 3 to the Amended Complaint is a version of that guidance that was revised on August 25, 2022, to add discussion of an order of a district court in the Northern District of Texas immediately under the heading "Memorandum Summary."  Defendants further aver that the document cited in this

paragraph speaks for itself, and respectfully refer the Court to the document for a complete and accurate statement of its contents.  With respect to the second sentence of paragraph 16, defendants admit that a district court in the Northern District of Texas has issued a court order that is cited in footnote 6, and that the United States has filed a complaint that is cited in footnote 7.  The remainder of the second sentence consists of plaintiffs' legal characterizations of that court order and complaint, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the cited court order and complaint speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

17.     Defendants admit that on July 13, 2023, HHS issued a press release appended to the Amended Complaint as Ex. 1, and OCR issued a guidance document appended to the Amended Complaint as Ex. 2.  The remainder of paragraph 17 consists of plaintiffs' legal characterizations of that press release and guidance document, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the cited press release and guidance document speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.  Defendants deny plaintiffs' characterizations of the cited materials, including their allegation that the press release, the guidance document, or the two documents collectively constitute a "Mandate."

18.     Defendants admit that the press release that is appended to the Amended Complaint as Ex. 1 contains the quoted language.  Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny plaintiffs' characterization of the document.

19.     Paragraph 19 consists of plaintiffs' legal characterizations and legal conclusions regarding the press release and guidance document, to which no response is required.  To the extent a response is

deemed necessary, defendants deny the allegations, aver that the cited press release and guidance document speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

20.     Defendants admit that the guidance document that is appended to the Amended Complaint as Ex. 2 contains the quoted language.  Defendants respectfully refer the Court to the document for a complete and accurate statement of its contents, and deny plaintiffs' characterization of the document.

21.     Paragraph 21 consists of plaintiffs' legal characterizations of the press release and guidance document, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the cited press release and guidance document speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

22.     Defendants admit that HHS published a notice of proposed rulemaking on August 4, 2022, 87 Fed. Reg. 47,824 (Aug. 4, 2022).  The remainder of paragraph 22 consists of plaintiffs' legal conclusions regarding certain federal statutes and the notice of proposed rulemaking, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the cited federal statutes and notice of proposed rulemaking speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

23.     Defendants admit that the Affordable Care Act, 42 U.S.C. § 18023(c)(1), contains the quoted language.  The remainder of paragraph 23 consists of plaintiffs' legal conclusions regarding the press release, guidance document, and the cited Affordable Care Act provision, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations in this

paragraph, aver that the cited statute speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

24.     Defendants admit that the Department of Education published a notice of proposed rulemaking on July 12, 2022, 87 Fed. Reg. 41391 (July 12, 2022).  The remainder of paragraph 24 consists of plaintiffs' legal conclusions regarding the press release, guidance document, certain federal statutes, and the cited notice of proposed rulemaking, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the cited materials speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

25.     Paragraph 25 consists of plaintiffs' legal conclusions regarding the press release, guidance document, and a provision of an appropriations act, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations, aver that the cited materials speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

26.     Paragraph 26 consists of plaintiffs' legal conclusions regarding Texas law, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the cited provisions speak for themselves, and respectfully refer the Court to the provisions for a complete and accurate statement of their contents.

27.     Paragraph 27 consists of plaintiffs' legal conclusions regarding Texas law, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the cited provisions speak for themselves, and respectfully refer the Court to the provisions for a complete and accurate statement of their contents.

28.     Paragraph 28 consists of plaintiffs' legal conclusions regarding Texas law, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the cited

statute and case speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

29.     Paragraph 29 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

30.     Paragraph 30 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations in this paragraph.

31.     Paragraph 31 consists of plaintiffs' legal conclusions regarding Texas law, to which no response is required.  To the extent a response is deemed necessary, defendants aver that the cited statutes speak for themselves, and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

32.     Paragraph 32 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations; aver that the cited press release, guidance document, and Texas statute speak for themselves; and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

33.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 33.  The second sentence consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations in the second sentence.

34.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 34.

35.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 35.

36.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 36.

37.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 37.

38.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 38.

39.     Defendants admit that as of the date of this Answer, the website at the address provided in footnote 15 contains the quoted language.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the allegations in paragraph 39.

40.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 40.

41.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 41.

42.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 42.

43.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 43.

44.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 44.

45.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in paragraph 45.

46.     Paragraph 46 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

47.     Defendants lack sufficient knowledge or information to form a belief as to the allegations regarding Mayo Pharmacy's religious beliefs.  Paragraph 47 otherwise consists of plaintiffs' legal

conclusions, to which no response required.  To the extent a response is deemed necessary, defendants deny the remaining allegations of this paragraph.

48.     Paragraph 48 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

49.     Paragraph 49 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

50.     Defendants lack sufficient knowledge or information to form a belief as to the allegations regarding Mayo Pharmacy's religious beliefs.  Paragraph 50 otherwise consists of plaintiffs' legal conclusions, to which no response required.  To the extent a response is deemed necessary, defendants deny the remaining allegations of this paragraph.

51.     Paragraph 51 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph, except to admit that the pharmacy guidance did not undergo notice-and-comment rulemaking.

52.     Defendants lack sufficient knowledge or information to form a belief as to the allegation that Mayo Pharmacy would comment on the press release or pharmacy guidance if given the opportunity.  Paragraph 52 otherwise consists of plaintiffs' legal conclusions, to which no response required.  To the extent a response is deemed necessary, defendants deny the remaining allegations of this paragraph.

53.     Paragraph 53 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

### IV.  Claims for Relief

**Count 1, By All Plaintiffs**

54.     Defendants restate and incorporate by reference the responses contained above in paragraphs 1–53.

55.     Paragraph 55 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

56.     Paragraph 56 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

57.     Paragraph 57 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

58.     Paragraph 58 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

59.     Paragraph 59 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

**Count 1(A), By All Plaintiffs**

60.     Defendants restate and incorporate by reference the responses contained above in paragraphs 1–53.

61.     Paragraph 61 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

62.     Paragraph 62 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

63.     Paragraph 63 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

64.     Paragraph 64 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

65.     Paragraph 65 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

66.     Paragraph 66 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

67.     Paragraph 67 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

68.     Paragraph 68 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

**Count 1(B), By the State**

69.     Defendants restate and incorporate by reference the responses contained above in paragraphs 1–53.

70.     Paragraph 70 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

71.     Paragraph 71 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

72.     Paragraph 72 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

73.     Paragraph 73 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

74.     Paragraph 74 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

75.     Paragraph 75 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

**Count 2, By All Plaintiffs**

76.     Defendants restate and incorporate by reference the responses contained above in paragraphs 1–53.

77.     Paragraph 77 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

78.     Paragraph 78 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

79.     Paragraph 79 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

80.     Paragraph 80 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

81.     Paragraph 81 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

**Count 3, By All Plaintiffs**

82.     Defendants restate and incorporate by reference the responses contained above in paragraphs 1–53.

83.     Paragraph 83 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

84.     Paragraph 84 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

85.     Paragraph 85 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

86.     Paragraph 86 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

87.     Paragraph 87 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

88.     Paragraph 88 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

89.     Paragraph 89 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

90.     Paragraph 90 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

**Count 4, By Mayo Pharmacy**

91.     Paragraph 91 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

92.     Paragraph 92 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

93.     Paragraph 93 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

94.     Paragraph 94 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

95.     Paragraph 95 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

96.     Paragraph 96 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

97.     Paragraph 97 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

98.     Paragraph 98 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

99.     Paragraph 99 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

100.    Paragraph 100 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

101.    Paragraph 101 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

102.    Paragraph 102 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

103.    Paragraph 103 pertains to Mayo Pharmacy's RFRA claim, which was transferred from this Court to the District of North Dakota, *see* Mem. Op., ECF No. 44, at 24, 25, and therefore no response to this paragraph is required here.

**Declaratory Judgment**

104.    Paragraph 104 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

105.    Paragraph 105 consists of plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed necessary, defendants deny the allegations of this paragraph.

## V.  Prayer for Relief

The remaining paragraphs contain plaintiffs' requests for relief, not allegations of fact, so no response is required.  To the extent a response is deemed necessary, defendants deny the allegations contained in these paragraphs, and further state that plaintiffs are not entitled to the requested relief or any other relief from defendants.

Defendants deny any and all allegations in the amended complaint not expressly admitted herein to which a response is deemed required.

## Defenses

1.    The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Amended Complaint.

2.    Plaintiffs lack standing.

3.    Plaintiffs' claims are unripe.

4.    Plaintiffs fail to challenge final agency action.

5.    Relief is barred under the Administrative Procedure Act because plaintiffs have an adequate alternative remedy.

6.    Plaintiffs' claims are barred by the doctrine of *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994).

7.      One or more claims or requests for relief in the Amended Complaint fail to state a claim for which relief can be granted.

8.      The press release and pharmacy guidance comply with applicable laws and were issued in compliance with the procedural requirements of the Administrative Procedure Act.

9.      Plaintiffs are not entitled to a declaratory judgment.


Dated: July 26, 2023                                      Respectfully submitted,

                                                                      BRIAN M. BOYNTON
                                                                      Principal Deputy Assistant Attorney General

                                                                      MICHELLE R. BENNETT
                                                                      Assistant Director, Federal Programs Branch

                                                                        _/s/ Lisa Zeidner Marcus_____
                                                                      LISA ZEIDNER MARCUS (N.Y. Bar # 4461679)
                                                                      JEREMY S.B. NEWMAN (D.C. Bar. # 1024112)
                                                                      Trial Attorneys
                                                                      U.S. Department of Justice, Civil Division
                                                                      Federal Programs Branch
                                                                      1100 L St., NW, Twelfth Floor
                                                                      Washington, DC 20530
                                                                      Tel: (202) 514-3336
                                                                      Fax: (202) 616-8470
                                                                      lisa.marcus@usdoj.gov

                                                                      *Counsel for Defendants*