UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| STATE OF TEXAS, AND MAYO PHARMACY, INC., A NORTH DAKOTA CORPORATION, *Plaintiffs*, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES OFFICE FOR CIVIL RIGHTS, *Defendants.* | CIVIL ACTION No. 7:23-cv-22-DC |

**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS TO
DEFENDANTS' NOTICE OF ADMINISTRATIVE RECORD**

Plaintiffs submit this reply in support of their objections to Defendants' notice, certification, and filing of the administrative record, Dkt. 54, and by extension to Defendants' supplemental filings, Dkt. 58.

Background

Plaintiffs' objections, Dkt. 56, identified fifteen items improperly omitted from the administrative record of the original pharmacy mandate. Plaintiffs derived these items from HHS having explicitly cited them in the original pharmacy mandate and its accompanying simultaneous press announcement, from those items being derivative of those explicitly cited documents, and from those items being the words of the Secretary himself discussing his actions prior to the mandate. Plaintiffs further identified an additional four items improperly omitted from the

administrative record of the revised pharmacy mandate, with those items likewise being explicitly

cited in the revised mandate and simultaneously revised press announcement.

Of the fifteen items omitted from the original record, Defendants added only one: HHS

OCR's "Guidance on Nondiscrimination Protections under the Church Amendments." Of the

additional four items omitted from the revised record, Defendants added only the CVS/Walgreens

investigation announcement. (Defendants have further papered the record with items it originally

omitted from its record notice, with no explanation why they were omitted the first time.)

Argument

Defendants offer two arguments why the other fourteen and three items omitted from the

original and revised records respectively should remain omitted. First, Defendants claim Plaintiffs

offered no "'clear evidence' that [the] documents 'were improperly omitted.'" Dkt. 59 at 2

(quoting *Fath v. Texas Dep't of Transportation*, No. 1:16-cv-234, 2017 WL 11633326, at \*1 (W.D.

Tex. Mar. 17, 2017)). Plaintiffs offered the clearest evidence possible: Defendants' public citation

of these items in the mandates themselves. For example, Plaintiffs pointed out that the original

mandate cites *Dobbs*, so *Dobbs* should be in the record. Dkt. 56 at 1 (citing ECF 1-2 at 3, where the

original mandate cites *Dobbs*). Plaintiffs are perplexed how Defendants could claim Plaintiffs cited

no evidence that the original mandate relied on *Dobbs* when the original mandate literally cited

*Dobbs*. Notably, Defendants included in the original record the entire Westlaw printout of the case

*Webster v. U.S. Dep't of Energy*, 267 F. Supp. 3d 246, 267 (D.D.C. 2017), because the original

mandate cited *Webster* at footnote 11 (see ECF 1-2 at 4). Plaintiffs cannot understand why

Defendants would claim *Dobbs* is not part of the administrative record for the same reason.

Defendants cited the document in the mandate, therefore they relied on it, therefore it is improperly omitted from the administrative record.

Defendants' other argument for continuing to omit these items is that some are cited, not in the documents Defendants have segregated as the original and revised "guidance," but because they are cited in the simultaneous accompanying and explanatory press announcement, which Defendants claim is not final agency action. This argument is flawed for two reasons. First, the press announcement *is* the mandate. As this Court observed, when agencies "smurf" their policies into multiple parts in order to claim that none of them in isolation set binding policy, courts will not turn a blind eye to what those documents impose as a whole, nor will they deny regulated entities the right to judicial review. Dkt. 44 at 1, 2, 9. The press announcement and the guidance are one action. Second, the press announcement on its face purports to be HHS's explanation for the guidance it issued or revised. HHS says in the press announcement that it issued the guidance pursuant to the Executive Order. Dkt. 1-1 at 2. HHS says it issued it in the context of the other HHS actions and statements cited in the press announcement. *Id.* at 3. Secretary Becerra, in those additional statements, explains his overall purposes. All of this constitutes clear evidence in HHS's own voice that it considered these documents in issuing the mandates. They should be included in the administrative record.

In short, these items should be included in the administrative record for the original mandate, as enumerated in Plaintiffs' objections, Dkt. 56 at 1–4:

1.a.    The Executive Order, which HHS's press announcement says prompted the original guidance.

1.b.    *Dobbs*, cited in the original guidance.

1.c.     The Church Amendment guidance, which is now included.

1.d, e, f, j, k, and l.     Cited in the original press announcement.

1.g, h, and i.     HHS documents that are cited in 1.f, which is cited in the original press announcement. These include remarks by Secretary Becerra on HHS's planned reaction to *Dobbs*, and therefore form part of HHS's consideration of this mandate.

1.m and n.     HHS documents that are cited in 1.l, which is cited in the original press announcement. These pertain to CMS's EMTALA abortion mandate, which is the subject of an email HHS now claims is part of the record. *See* Dkt. 58-3 at 16–17.

1.o.     Secretary Becerra, before the mandate, describing HHS's anti-Dobbs agenda. The Court correctly acknowledged this as part of the Secretary's explanation of what the guidance means by "vigorous enforcement." Dkt. 44 at 11.

As to the revised mandate, all of the record for the original mandate is part of the record for the revised mandate, as Defendants admitted in their original administrative record. *See* Dkt. 54-1 at 1–2. Regarding items specifically, 3.a is cited in the press announcement that HHS revised on the same day it revised the guidance, and 3.b is Secretary Becerra's tweet on the CVS/Walgreens investigation. HHS has now included that investigation in the record, so the accompanying tweet is also part of the same transaction.

Date: November 21, 2023

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

Respectfully submitted.

RYAN WALTERS
Chief, Special Litigation Division

*/s/ Amy Snow Hilton*
AMY SNOW HILTON
Special Counsel
Texas Bar No. 24097834
Amy.Hilton@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS

*/s/ Matthew S. Bowman*
MATTHEW S. BOWMAN
DC Bar No. 993261
mbowman@ADFlegal.org

ANDREA R. DILL
TX Bar No. 24116086
adill@ADFlegal.org

Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622

COUNSEL FOR MAYO PHARMACY, INC.

5

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed via CM/ECF on November 21, 2023, providing electronic service to all counsel of record.

*/s/ Amy Snow Hilton*
**AMY SNOW HILTON**